UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
NEAL MALANGONE,

                *Plaintiff,*

        - against -

THE CITY OF NEW YORK (a/k/a NYPD),
DAVID GROSS, Shield No. 438, ANGEL LOPEZ,
Shield No. 2666 and JAIME ARROYO, Shield No.1287
individually and in their official capacity , as well as,
JOHN DOE and JAMES DOE, individually and in their
official capacity (the full names being fictitious, as the
true names are presently unknown; and, the number of
these individuals being approximate).

                *Defendants.*
----------------------------------------------------------X

*Case No.*
1:11-cv-04592 (FB) (RER)

**AMENDED**
**COMPLAINT**

**JURY TRIAL**
**DEMANDED**

       Plaintiff, NEAL MALANGONE, by his attorneys, NOVO LAW FIRM, P.C., complaining of Defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

       1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

       2.     This action seeks redress for a coordinated incident of September 21, 2008, whereby numerous police officers within the New York City Police Department ("NYPD") unjustifiably attacked Plaintiff in a bank's ATM vestibule.  As a result of these actions, Plaintiff has been permanently damaged, deprived of civil rights, and in need of medical care to date.

1

## JURISDICTION

3. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

4. Plaintiff has complied with all conditions precedent to maintaining the instant action, including the filing of a Notice of Claim pursuant to N.Y.'s General Municipal Law and a due passage of time.

5. This action falls within one or more of the exceptions as outlined in N.Y.'s C.P.L.R. § 1602.

## VENUE

6. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(c), because Defendant THE CITY OF NEW YORK ("NYC") is a municipal corporation that is located in the Eastern District of New York. Further, this matter occurred in and is inextricably linked to NYPD's actions in the County of Queens, City and State of New York.

## JURY DEMAND

7. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

8. Plaintiff is a Caucasian male, a citizen of the United States, and at all relevant times a resident of the City of Rego Park and State of New York.

9. Defendant NYC was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. Defendant NYC maintains the NYPD, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

11. At all times hereinafter mentioned, the individually named Defendants DAVID GROSS ("GROSS") (Shield No. 438, Tax ID No. 901639), ANGEL LOPEZ ("LOPEZ") (Shield No. 2666, Tax ID No. 903158), JAIME ARROYO ("ARROYO") (Shield No. 1287, Tax ID No. 905719), JOHN DOE and JAMES DOE (collectively the "NYPD Defendants") were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

12. At all times hereinafter mentioned, the NYPD Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

13. Each and all of the acts of the NYPD Defendants alleged herein were done by said Defendants while acting within the scope of their employment for Defendant NYC.

14. Each and all of the acts of the NYPD Defendants alleged herein were done by said Defendants while acting in furtherance of their employment by Defendant NYC.

15. Defendants DAVID GROSS, ANGEL LOPEZ and JAIME ARROYO are the police officers known to be involved in the incident, who directly beat Plaintiff.

16. Defendant JOHN DOE were detectives involved in the arrest incident, who used improper force against Plaintiff.

17. Defendant JOHN DOE refers to an unknown officer or officers at the arrest incident who is/are unknown to Plaintiff.

18. Defendant JAMES DOE refers to an unknown officer or officers not physically at the arrest incident who is/are responsible for training and supervising Defendants DAVID GROSS, ANGEL LOPEZ and JAIME ARROYO, who are unknown to Plaintiff.

## FACTUAL BACKGROUND

19. The investigation at issue was initiated at the 104th Precinct of the NYPD, and the incident occurred in the 94th Precinct of the NYPD, while Defendants were in the process of effectuating an allegedly valid arrest warrant for Plaintiff.

20. At approximately 4:56 PM on September 21, 2008, while Plaintiff was lawfully at an ATM vestibule for JP Morgan Chase bank branch located at 7104 Woodhaven Boulevard in the City of Glendale and State of New York, County of Queens, police officers approached and entered the premises with guns drawn, and without provocation or cause, kicked Plaintiff, beat him with a gun and a baton, improperly handcuffed him, and otherwise unduly inflicted injury on him, violating applicable laws, rules and regulations.

21. Defendant GROSS's wrongful actions against Plaintiff included:

      i. gun drawing, pointing and pistol-whipping;

      ii. clubbing with a nightstick;

      iii. physically beating, smashing and abusing; and,

4

    iv.  verbally cursing, insulting and abusing.

22. Defendant LOPEZ's wrongful actions against Plaintiff included:

    i.  clubbing with a nightstick;

    ii.  physically beating, smashing and abusing; and,

    iii.  verbally cursing, insulting and abusing.

23. Defendant ARROYO's wrongful actions against Plaintiff included:

    i.  physically beating, smashing and abusing; and,

    ii.  verbally cursing, insulting, threatening and abusing.

24. Defendant JOHN DOE's wrongful actions against Plaintiff included:

    i.  observing, permitting and supporting the wrongful actions of their fellow officers; and,

    ii.  failing to come to Plaintiff's aid.

25. Defendant JAMES DOE's wrongful actions against plaintiff NEAL MALANGONE included:

    i.  encouraging, permitting and supporting the wrongful actions of their subordinate officers; and,

    ii.  failing to properly train and supervise the officers at the scene of the incident.

## FIRST CLAIM FOR RELIEF: ASSAULT

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in the above-numbered paragraphs with the same force and effect as if fully set forth herein.

27. Defendants' aforementioned actions placed Plaintiff in apprehension of imminent harmful and offensive bodily contact.

28. As a result of Defendants' conduct, Plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## SECOND CLAIM FOR RELIEF: BATTERY

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in the above-numbered paragraphs with the same force and effect as if fully set forth herein.

30. Defendant police officers touched Plaintiff in a harmful and offensive manner.

31. Defendant police officers did so without privilege or consent from Plaintiff.

32. As a result of Defendants' conduct, Plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

## THIRD CLAIM FOR RELIEF: FALSE ARREST

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in the above-numbered paragraphs with the same force and effect as if fully set forth herein.

34. Defendant police officers arrested Plaintiff in the absence of probable cause and without a valid warrant.

35. As a result of the aforesaid conduct by Defendants, Defendants subjected Plaintiff to an illegal, improper and false arrest, taking him into custody and causing him to be falsely imprisoned, detained, confined and incarcerated. The aforesaid actions by Defendants constituted a deprivation of Plaintiff's rights.

36. As a result of the foregoing, Plaintiff was deprived of his liberty, was denied fundamental rights, was publicly embarrassed and humiliated, was caused to suffer severe emotional distress, was caused to be injured, was forced to incur substantial expenses, had his reputation damaged, and lost his livelihood.

### FOURTH CLAIM FOR RELIEF: FALSE IMPRISONMENT

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in the above-numbered paragraphs with the same force and effect as if fully set forth herein.

38. As a result of the foregoing, Plaintiff was falsely imprisoned, his liberty was restricted for an extended period of time, was put in fear for his safety, was humiliated and subjected to handcuffing, and faced other physical restraints.

39. Plaintiff was conscious of said confinement and did not consent to same.

40. The confinement of Plaintiff was without probable cause and was not otherwise privileged.

41. As a result of the aforementioned conduct, Plaintiff has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

42. As a result of the foregoing, Plaintiff was deprived of his liberty, was denied fundamental rights, was publicly embarrassed and humiliated, was caused to

suffer severe emotional distress, was caused to be injured, was forced to incur substantial expenses, had his reputation damaged, and lost his livelihood.

### FIFTH CLAIM FOR RELIEF: <br> INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in the above-numbered paragraphs with the same force and effect as if fully set forth herein.

44. The aforementioned wrongful conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

45. The aforementioned conduct was committed by Defendants while acting within the scope of their employment for Defendant NYC.

46. The aforementioned conduct was committed by Defendants while acting in furtherance of their employment for Defendant NYC.

47. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

48. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to Plaintiff.

49. As a result of the aforementioned conduct, Plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

50. As a result of the foregoing, Plaintiff was deprived of his liberty, was denied fundamental rights, was publicly embarrassed and humiliated, was caused to

suffer severe emotional distress, was caused to be injured, was forced to incur substantial expenses, had his reputation damaged, and lost his livelihood.

## FIFTH CLAIM FOR RELIEF:
## NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in the above-numbered paragraphs with the same force and effect as if fully set forth herein.

52. Defendant NYC was on notice that each and every one of the individual Defendants had a volatile, explosive temperament and was unfit for the duties and responsibility involving Plaintiff.

53. Defendant(s) JAMES DOE was/were on notice that each and every of the individual Defendants had a volatile, explosive temperament and was unfit for the duties and responsibility involving Plaintiff.

54. Defendant NYC had actual and/or constructive notice that the individual Defendants had violent propensities and an explosive temperament, which would and did result in numerous instances of excessive force and physical altercations. These propensities revealed themselves through "force complaints" and other physical and otherwise abusive incidents.

55. Defendant(s) JAMES DOE had actual and/or constructive notice that the individual Defendants had violent propensities and an explosive temperament which would and did result in numerous instances of excessive force and physical altercations. These propensities revealed themselves through "force complaints" and other physical and otherwise abusive incidents.

56. Defendants NYC and JAMES DOE have a pattern of negligently addressing the Civilian Complaint Review Board complaints against police officers.

57. Defendants NYC and JAMES DOE's negligent retention and supervision of the officers at the scene of the incident was the direct and proximate cause of the injuries sustained by Plaintiff on September 21, 2008 and thereafter.

58. As a result of the foregoing negligent acts and omissions by Defendants NYC and JAMES DOE, Plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

59. Defendants NYC and JAMES DOE selected, hired, trained, retained, assigned and supervised members of the Police Department, including the Defendants individually named herein.

60. Defendants CITY OF NEW YORK and JAMES DOE were negligent and careless when it selected, hired, trained, retained, assigned, and supervised members of its Police Department, including the defendants individually named above.

61. Defendants NYC and JAMES DOE were negligent and careless when they repeatedly failed to act and/or discipline supervisory personnel in the face of obvious evidence of misconduct, instances of excessive force and physical altercations.

62. As a result of the foregoing, Plaintiff was deprived of his liberty, was denied fundamental rights, was publicly embarrassed and humiliated, was caused to suffer severe emotional distress, was caused to be injured, was forced to incur substantial expenses, had his reputation damaged, and lost his livelihood.

## SIXTH CLAIM FOR RELIEF: DERELICTION OF DUTY. DEPRAVED INDIFFERENCE AND FAILURE TO INTERCEDE

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in the above-numbered paragraphs with the same force and effect as if fully set forth herein.

64. Defendants were under a duty of safeguarding the public and ensuring the appropriate execution of NYPD's role. Plaintiff duly relied on Defendants' fulfillment of their policing duties.

65. Defendants had an affirmative duty to intercede when Plaintiff's constitutional rights were being violated in Defendants' presence by the use of excessive force.

66. At the time of the incident, Defendants were observing and aware of the wrongful acts against Plaintiff.

67. At the time of the incident, Defendants neglected to intervene on Plaintiff's behalf in dereliction of their duty to Plaintiff and in depraved indifference to Plaintiff's well-being.

68. Defendants violated Plaintiff's constitutional rights when they failed to intercede and prevent the violation or further violation of Plaintiff's constitutional rights and the injuries or further injuries caused as a result of said failure.

69. Defendants had an affirmative duty to intercede when Plaintiff's constitutional rights were being violated in Defendants' presence by falsifying evidence of probable cause to arrest and prosecute Plaintiff.

70. As a result of the foregoing, Plaintiff was deprived of his liberty, was denied fundamental rights, was publicly embarrassed and humiliated, was caused to suffer severe emotional distress, was caused, *inter alia*, to be injured, was forced to incur substantial expenses, had his reputation damaged, and lost his livelihood.

### **SEVENTH CLAIM FOR RELIEF: MALICIOUS ABUSE OF PROCESS**

71. Plaintiff repeats, reiterates and realleges each and every allegation contained in the above-numbered paragraphs with the same force and effect as if fully set forth herein.

72. Defendants issued legal process to place Plaintiff under arrest and subject him to prosecution.

73. Defendants arrested and participated in prosecuting Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process.

74. Defendants arrested and participated in prosecuting Plaintiff in order to obtain the collateral objective of intimidating Plaintiff for their personal interest and further to prevent Plaintiff from disclosing the aforementioned evidence of NYPD misconduct and excessive force.

75. Defendants acted with intent to do harm to Plaintiff without excuse or justification.

76. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause, and was wrongfully prosecuted.

## EIGHTH CLAIM FOR RELIEF: EXCESSIVE FORCE

77. Plaintiff repeats, reiterates and realleges each and every allegation contained in the above-numbered paragraphs with the same force and effect as if fully set forth herein.

78. The level of force employed by Defendants was objectively unreasonable and in violation of the constitutional rights of Plaintiff.

79. As a result of the foregoing, Plaintiff sustained, *inter alia*, bodily injuries, mental anguish, shock, fright, apprehension, embarrassment and humiliation, and deprivation of his constitutional rights.

## NINTH CLAIM FOR RELIEF: UNLAWFUL ENTRY

80. Plaintiff repeats, reiterates and realleges each and every allegation contained in the above-numbered paragraphs with the same force and effect as if fully set forth herein.

81. Plaintiff had a reasonable expectation of privacy at the ATM vestibule of a bank branch, particularly as it was closed to the public, which served as a fiduciary to secure Plaintiff's funds and valuables.

82. As a result of the aforesaid conduct by Defendants, Plaintiff's banking premises were entered illegally and improperly without consent, a valid warrant, probable cause, privilege or consent, in violation of his constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

83. As a result of the aforesaid conduct by Defendants, Plaintiff's banking premises were entered illegally at a time not prescribed in the warrant, in violation of his

constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

84. As a result of the aforesaid conduct by Defendants, Plaintiff was not provided a copy of said warrant upon his request, in violation of his constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

**TENTH CLAIM FOR RELIEF:**
**DEPRIVATION OF RIGHTS UNDER 42 U.S.C. § 1983**

85. Plaintiff repeats, reiterates and realleges each and every allegation contained in the above-numbered paragraphs with the same force and effect as if fully set forth herein.

86. All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

87. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

88. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

89. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the NYPD, all under the supervision of ranking officers of said department.

14

90. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

91. As a result of the foregoing, Plaintiff was deprived of his liberty, was denied fundamental rights, was publicly embarrassed and humiliated, was caused to suffer severe emotional distress, was caused to be injured, was forced to incur substantial expenses, had his reputation damaged, and lost his livelihood.

### ELEVENTH CLAIM FOR RELIEF: CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS

92. Plaintiff repeats, reiterates and realleges each and every allegation contained in the above-numbered paragraphs with the same force and effect as if fully set forth herein.

93. Defendants conspired and acted in concert to do whatever was necessary, lawful or not, to cause the arrest, imprisonment, involuntary confinement and prosecution of Plaintiff.

94. Throughout the period of the conspiracy, Defendants pursued their objectives with actual malice toward Plaintiff, with utter and deliberate indifference to and disregard to Plaintiff's rights under the Constitution and laws of the United States, without probable or reasonable cause to believe Plaintiff committed any crime or any other lawful basis for doing so.

95. Pursuant to the conspiracy, the conspirators, and their employees, agents and servants, intentionally, recklessly, negligently, and/or with complete indifference to the rights of Plaintiff: (a) unlawfully entered Plaintiff's banking premises; (b) verbally

15

and physically threatened Plaintiff in an attempt to intimidate him; (c) exceeded their authority to use force against Plaintiff; and, (d) fabricated allegations to induce a wrongful prosecution in an attempt to cover up their misconduct.

96. The aforesaid conduct of Defendants operated to deprive Plaintiff of important and well-established rights under the Constitution and the laws of the United States including, but not limited to, his rights:

    i. Not to be deprived of liberty without due process of law;

    ii. To be free from seizure and arrest not based upon probable cause;

    iii. Not to have excessive force imposed upon him;

    iv. Not to have summary punishment imposed upon him;

    v. To receive equal protection under the law; and

    vi. Not to be deprived of his right to free speech.

97. As a result of the foregoing, Plaintiff was deprived of his liberty, was denied fundamental rights, was publicly embarrassed and humiliated, was caused to suffer severe emotional distress, was caused to be injured, was forced to incur substantial expenses, had his reputation damaged, and lost his livelihood.

## TWELFTH CLAIM FOR RELIEF: DUE PROCESS

98. Plaintiff repeats, reiterates and realleges each and every allegation contained in the above-numbered paragraphs with the same force and effect as if fully set forth herein.

99. As a result of the aforesaid conduct by Defendants, Plaintiff was deprived of his liberty and fundamental rights in being physically and mentally abused in the course of his arrest and subsequent detention without notice, hearing or any opportunity to be heard and to challenge the aforesaid confinement in violation of his substantive due process rights as set forth in the Fifth and Fourteenth Amendments to the Constitution of the United States.

100. By reason of the aforesaid conduct by Defendants, Plaintiff requests the following relief:

A. Compensatory damages in the amount of ten million dollars ($10,000,000);

B. Punitive damages in the amount of ten million dollars ($10,000,000.00);

C. An award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements; and

D. Any further relief as the Court may find just and proper.

**WHEREFORE**, Plaintiff demands judgment in the sum of twenty five million dollars ($25,000,000.00) in compensatory damages, twenty five million ($25,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
January 30, 2012

NOVO LAW FIRM, P.C.

BY: _____/s/_____
Alexander Shindler, Esq. (AS 8062)
*Attorneys for Plaintiff*
299 Broadway, 17th Floor
New York, New York 10007
(212) 233-6686
alexs@novolawfirm.com

TO:     ***VIA ECF ONLY*** 
Wesley E. Bauman, Esq.
Assistant Corporation Counsel
*Attorneys for Defendants*
The City of New York, et al.
100 Church Street
New York, NY 10007
(212) 788-0517
wbauman@law.nyc.gov